# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

IN RE:

MICHAEL T. RODGERS            BK No.: 19-41931

                                                 Chapter 13

           Debtors

## MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE Christopher J. Panos:

Carvana, LLC together with its predecessors, successors and assigns ("Movant"), your moving party in the within Motion, hereby moves for relief from the automatic stay. In support, Movant respectfully represents as follows:

1. Movant is an entity with a mailing address of 7300 E Hampton Avenue, Suite 101, Mesa, Arizona 85209.

2. MICHAEL T. RODGERS (the "Debtor") is an individual with a mailing address of 137 DONOHUE RD, DRACUT, MA 01826.

3. The Debtors are obligors pursuant to a Retail Installment Sale Agreement (the "Agreement") dated October 10, 2015, in an original principal amount of $31,160.58. A copy of the Agreement is annexed as Exhibit A.

4. The Agreement granted a security interest in that certain 2016 Hyundai Sonata, VIN #5NPE24AF6GH416383, (the "Collateral"). A copy of the Certificate of Title with lien endorsement evidencing perfection of the security interest is annexed hereto as Exhibit B.

5. Movant is the current holder of the Agreement.

6. On December 11, 2019, the Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of

Massachusetts.

7. As of July 10, 2020, the total amount due and owing to Movant pursuant to the Agreement was $17,350.68 in principal, accrued interest, late charges, miscellaneous fees, and attorneys' fee and costs, plus any additional interest, attorneys' fees, costs or expenses.

8. As of July 10, 2020, Debtors owe a payment arrearage to Movant in the amount of $1,684.00, which consists of four monthly payments minus a partial payment balance of $0.00. This amount is exclusive of attorneys' fees, costs, and expenses in connection with this Motion.

9. The regular monthly payment due at this time is approximately $421.00.

10. The Debtors' Schedules list a fair market value for the Collateral of $8,256.00.

11. The N.A.D.A. guide indicates a value of the Collateral in the approximate amount of $12,100.00 annexed hereto as Exhibit C.

12. Movant seeks relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) for cause on the basis that the Debtors are in default of the payment obligations due under the Agreement resulting in an arrearage owing to Movant.

WHEREFORE, Movant requests that the Court:

(1) grant relief from the section 362 automatic stay and the stay imposed by Bankruptcy Rule of Procedure 4001(a)(3) for the purpose of exercising its various non-bankruptcy rights and remedies; and

(2) order such other and further relief as may be just and proper.

Carvana, LLC
By Its Attorney,

/s/ Lawson Williams, III, Esq.
Lawson Williams, III, Esq.
BBO# 545367
Brock & Scott, PLLC
1080 Main Street, Ste 200
Pawtucket, RI 02860
401-217-8774 phone
401-217-8702 fax
newenglandBKR@brockandscott.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 13-16-1(a)

The pre-filing conference <u>was</u> held in this matter. On August 19, 2020, I initiated the 13-16-1 conference with the Debtor's counsel by email.

_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the MOTION FOR RELIEF FROM AUTOMATIC STAY have been served upon the following parties via electronic notice or via first class mail postage pre-paid, as indicated, on August 26, 2020

Via Electronic Notice:

Richard King, Assistant U.S. Trustee
Office of the U.S. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608

DENISE M. PAPPALARDO, Esq.
Trustee
P.O. Box 16607
Worcester, MA 01601

Lamya A. Forghany, Esq.
Counsel to the Debtor(s)
85 Essex Street
3rd Floor
Haverhill, MA 01832
attorneyforghany@gmail.com

Via First Class Mail:

MICHAEL T. RODGERS
137 DONOHUE RD
DRACUT, MA 01826

/s/ Lawson Williams, III, Esq.
Lawson Williams, III, Esq.

# EXHIBIT A

MA-102 10/10/2015

## Retail Installment Sale Agreement - Subject to State Regulation

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC<br>63 PIERCE RD<br>WINDER GA -7280 | Michael T Rodgers<br>137 Donohue Rd<br>Dracut MA 01826 | No. _____<br>Date  08/21/19 |

☐ Business, commercial or agricultural purpose Contract.

### Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 900.00 |
|---|---|---|---|---|
| 21.00 % | $ 13,119.33 | $ 17,141.25 | $ 30,260.58 | $ 31,160.58 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 421.00 | monthly beginning  09/21/19 |
| 1 | $ 369.58 | 08/21/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 15 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $5.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Hyundai | Sonata | 4dr Sedan | 5NPE24AF6GH416383 | 31628 |

☐ New
☒ Used
☐ Demo

Other: N/A

### Description of Trade-In

| 2000 | Toyota | Camry | 4T1BF28K9YU114684 |
| N/A | N/A | N/A | N/A |

### Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: ____N/A____
____N/A____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

### Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 17,141.25 plus finance charges accruing on the unpaid balance at the rate of 21.00 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

DocuSign Envelope ID: ████████████████████████████
Case ██-█████  Doc ██  Filed 08/26/20  Entered 08/26/20 12:52:21  Desc Main
Document  Page 6 of 12

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

### Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 956.25 ) | $ | 16,556.25 |
| b. | Service Contract, paid to: Carvana | $ | 1,350.00 |
| c. | **Cash Price** (a+b) | $ | 17,906.25 |
| d. | Trade-in allowance | $ | 300.00 |
| e. | Less: Amount owing, paid to (includes m): N/A | $ | N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ | 300.00 |
| g. | Cash payment | $ | 600.00 |
| h. | Manufacturer's rebate | $ | 0.00 |
| i. | Deferred down payment | $ | 0.00 |
| j. | Other down payment (describe) N/A | $ | N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ | 900.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ | 17,006.25 |
| m. | Financed trade-in balance (see line f) | $ | 0.00 |
| n. | Paid to public officials, including filing fees | $ | 135.00 |
| o. | Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| p. | Optional Gap Waiver paid to Seller | $ | 0.00 |
| q. | To: N/A | $ | N/A |
| r. | To: N/A | $ | N/A |
| s. | To: N/A | $ | N/A |
| t. | To: N/A | $ | N/A |
| u. | To: N/A | $ | N/A |
| v. | To: N/A | $ | N/A |
| w. | To: N/A | $ | N/A |
| x. | To: N/A | $ | N/A |
| y. | To: N/A | $ | N/A |
| z. | To: N/A | $ | N/A |
| aa. | **Total Other Charges/Amts Paid** (m thru z) | $ | 135.00 |
| bb. | **Amount Financed** (l+aa) | $ | 17,141.25 |

We may retain or receive a portion of any amounts paid to others.



*[This area intentionally left blank.]*

### Insurance Disclosures

**Credit Insurance. YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.**

**Credit Life**
☐ Single  ☐ Joint  ☐ None
Premium $ N/A  Term N/A
Insured N/A

**Credit Accident and Health**
☐ Single  ☐ Joint  ☐ None
Premium $ N/A  Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A _____ N/A
By: DOB

N/A _____ N/A
By: DOB

N/A _____ N/A
By: DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.
This premium is calculated as follows:
☐ $ N/A Deductible, Collision Cov.  $ N/A
☐ $ N/A Deductible, Comprehensive  $ N/A
☐ Fire-Theft and Combined Additional Cov.  $ N/A
☐ N/A  $ N/A

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ Service Contract
Term         48  months
Price        $   1,350.00
Coverage         Vehicle Protection

☐ Optional Gap Waiver (Debt Cancellation)
Term         N/A  months
Price        $    0.00
Coverage

☐ _____N/A_____
Term              N/A
Price        $    N/A
Coverage          N/A

*Michael Rodgers*                            08/21/19
By: Michael T Rodgers                        Date

N/A                                          N/A
By:                                          Date

N/A                                          N/A
By:                                          Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Sale Agreement - Subject to State Regulation. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $10.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Massachusetts and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◆ You fail to make a payment on this Contract in full within 15 days after its due date; or
◆ An event occurs that substantially impairs the value of the Vehicle.

If you default, you agree to pay, except where prohibited by law, the costs we incur to collect the amount owing. If we refer this Contract to an attorney that is not a salaried employee of ours, this amount includes reasonable attorneys' fees.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** Except as otherwise provided in the *Exceptions* section, if you default on this Contract we may exercise the remedies provided by law and this Contract after we give you any notice and opportunity to cure your default that the law requires. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. The amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace, unlawfully enter onto your premises or in a consumer credit transaction, enter property owned or rented to you without your consent.
◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

DocuSign Envelope ID: ████████████████████████████ 8/26/20   Entered 08/26/20 12:52:21   Desc Main
                                              Document    Page 8 of 12
THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

**Exceptions.** If this is a consumer credit transaction the following apply:
- After you are in default on this Contract for 10 or more days, you are entitled to receive a notice of your default and your right to cure. We may not exercise any of our remedies unless you have failed to cure your default as provided in the notice. No notice of default is required before we exercise our remedies if you have cured a default after notice three or more times prior to the current default.
- If you are in default because of a failure to make payments when due, you may cure the default at any time unless we have notified you that we have accelerated the due date of the unpaid balance, brought an action against you, or proceeded against the Property.
- If this Contract is secured by a non-possessory security interest in consumer goods, we will not be entitled to a deficiency judgment if we repossess or accept surrender of the Property and the unpaid balance of this Contract at the time of default is $2,000.00 or less.

If Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the Payment section until paid in full.

**Optional Gap Waiver (Debt Cancellation).** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing an Optional Gap Waiver to cover the gap liability, subject to any conditions and exclusions in the Optional Gap Waiver agreement. The Optional Gap Waiver may also be referred to as a Debt Cancellation agreement.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you **see** on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

_____N/A_____N/A_____
**By:**                                                       **Date**
Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

---

THIS IS A COPY
This is a copy view of the Authoritative Copy held [by the designated custodian]

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

*Michael Rodgers*      08/21/19
**By:** Michael T Rodgers      Date

_____N/A_____      _____N/A_____
**By:**      Date

_____N/A_____      _____N/A_____
**By:**      Date

*[This area intentionally left blank.]*

**NOTICE TO THE BUYER.** 1. Do not sign this contract if any of the spaces intended for the agreed terms to the extent of then available information are left blank. 2. You are entitled to an exact copy of the contract you signed. 3. Under the law, you have the following rights, among others: -- (a) to pay off in advance the full amount due and to obtain a partial refund of the finance charge; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

*Michael Rodgers*      08/21/19
**By:** Michael T Rodgers      Date

_____N/A_____      _____N/A_____
**By:**      Date

_____N/A_____      _____N/A_____
**By:**      Date

**Seller**

[signature]      08/21/19
**By:** CARVANA, LLC      Date

**Assignment.** This Contract and Security Agreement is assigned to
__N/A_____

the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**

__N/A_____
**By:**      Date

**EXHIBIT B**

# CERTIFICATE OF TITLE

## MASSACHUSETTS DEPARTMENT OF TRANSPORTATION

111416

| TITLE NUMBER | VEHICLE IDENTIFICATION NUMBER | DATE OF ISSUE |
|---|---|---|
| | 5NPE24AF6GH416383 | 09/13/2019 |

| MFRS. MODEL YEAR | MAKE | MODEL NAME | MODEL NO. | BODY STYLE/TYPE | NEW/USED |
|---|---|---|---|---|---|
| 2016 | HYUN | SONATA | | SEDAN | USED |

| CYL. PASS. DRS. | PURCHASE DATE | ODOMETER READING | PREV. TITLE NO. | PREV. TITLE STATE |
|---|---|---|---|---|
| 04 05 4 | 08/21/2019 | 31,628 Actual | | MA |

MAILING ADDRESS ONLY:
CARVANA LLC
PO BOX 29002
PHOENIX AZ  85038

**TITLE TYPE AND BRANDS**

TITLE TYPE

BRAND
BRAND
BRAND
BRAND

TITLE MESSAGE(S):

OWNER(S) NAME AND ADDRESS:
MICHAEL T RODGERS
137 DONOHUE RD
DRACUT MA  01826-4505

FIRST LIENHOLDER:
CARVANA LLC
PO BOX 29002
PHOENIX AZ  85038

SECOND LIENHOLDER:

RELEASE OF FIRST LIEN:
THE FIRST LIENHOLDER'S INTEREST IN THE VEHICLE DESCRIBED IN THIS CERTIFICATE IS HEREBY RELEASED
NAME:
AUTHORIZED SIGNATURE: X
DATE RELEASED:

RELEASE OF SECOND LIEN:
THE SECOND LIENHOLDER'S INTEREST IN THE VEHICLE DESCRIBED IN THIS CERTIFICATE IS HEREBY RELEASED
NAME:
AUTHORIZED SIGNATURE: X
DATE RELEASED:

THE REGISTRAR OF MOTOR VEHICLES HEREBY CERTIFIES THAT AN APPLICATION FOR A CERTIFICATE OF TITLE FOR THE MOTOR VEHICLE DESCRIBED HEREIN HAS BEEN DULY FILED, PURSUANT TO THE PROVISIONS OF THE LAWS OF THE COMMONWEALTH OF MASSACHUSETTS. BASED ON THE STATEMENTS OF THE APPLICANT AND THE RECORDS ON FILE WITH THIS AGENCY, THE APPLICANT NAMED IS THE OWNER OF SAID VEHICLE.

THE REGISTRAR OF MOTOR VEHICLES FURTHER CERTIFIES THAT THE VEHICLE IS SUBJECT TO ANY SECURITY INTERESTS SHOWN HEREIN.

*Jamey Tesler*

**Jamey Tesler**
Registrar

CONTROL NO.
NOT THE TITLE NUMBER

ALTERATION OR ERASURE VOIDS THIS TITLE.                    KEEP IN SAFE PLACE

**REGISTRY OF MOTOR VEHICLES**



**WARNING:** Federal and Massachusetts laws require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

**ANY ERASURES, WHITE-OUTS OR CROSS-OUTS WILL VOID THE ASSIGNMENT AND ALL ASSIGNMENTS THAT FOLLOW**

## ASSIGNMENT OF CERTIFICATE OF TITLE BY OWNER

THIS IS TO BE COMPLETED BY THE SELLER and delivered to the Purchaser with the vehicle. If a Non-Dealer sale, purchaser must make application for a new Certificate of Title on MA form RMV-1, and file it immediately with the Massachusetts RMV and surrender the assigned Title.

I/we hereby assign, transfer, and convey the motor vehicle described on the reverse side of this certificate, for the sale price herein stated, to the following named purchaser, and I/we hereby warrant the Title to said motor vehicle and that same is free of all liens and encumbrances.

| SALE PRICE: $ | PRINT NAME OF PURCHASER(S): | | | DATE OF SALE: |
|---|---|---|---|---|
| STREET: | | CITY: | STATE: | ZIP: |

**ODOMETER DISCLOSURE STATEMENT** — CAUTION: ONLY CHECK A BOX IF THE ODOMETER READING DIFFERS FROM ACTUAL MILEAGE

"I certify to the best of my knowledge the odometer reading specified here is the actual mileage of the vehicle, unless one of the following statements is checked:"   [ ] No Tenths   1. I hereby certify to the best of my knowledge the odometer reading stated is in excess of its mechanical limits. (The odometer started at zero again.)   2. I hereby state the odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

| SIGNATURE OF SELLER(S): | PRINTED NAME(S) OF SELLER(S): | DATE: |
|---|---|---|

PURCHASER(S): DO NOT SIGN BELOW UNTIL ALL SECTIONS ABOVE HAVE BEEN COMPLETED AND SIGNED. SIGNING BELOW INDICATES YOU ARE AWARE OF THE ODOMETER DISCLOSURE STATEMENT MADE BY THE SELLER(S).

| SIGNATURE(S) OF PURCHASER(S): | PRINTED NAME(S) OF PURCHASER(S): | DATE: |
|---|---|---|

## 1st RE-ASSIGNMENT BY LICENSED DEALER ONLY

The undersigned licensed Dealer hereby certifies that the Title to the motor vehicle described on the face of this Certificate of Title was transferred to:

| PRINT NAME OF PURCHASER(S): | PRINT ADDRESS: |
|---|---|
| SIGNATURE(S) OF PURCHASER(S): | PRINTED NAME(S) OF PURCHASER(S): | DATE: |

**ODOMETER DISCLOSURE STATEMENT** — CAUTION: ONLY CHECK A BOX IF THE ODOMETER READING DIFFERS FROM ACTUAL MILEAGE

"I certify to the best of my knowledge the odometer reading specified here is the actual mileage of the vehicle, unless one of the following statements is checked:"   [ ] No Tenths   1. I hereby certify to the best of my knowledge the odometer reading stated is in excess of its mechanical limits. (The odometer started at zero again.)   2. I hereby state the odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

| DEALER'S LICENSE NUMBER: | DEALERSHIP NAME AND ADDRESS: | | |
|---|---|---|---|
| SIGNATURE OF LICENSED DEALER: | | PRINT NAME: | DATE: |

## 2nd RE-ASSIGNMENT BY LICENSED DEALER ONLY

The undersigned licensed Dealer hereby certifies that the Title to the motor vehicle described on the face of this Certificate of Title was transferred to:

| PRINT NAME OF PURCHASER(S): | PRINT ADDRESS: |
|---|---|
| SIGNATURE(S) OF PURCHASER(S): | PRINTED NAME(S) OF PURCHASER(S): | DATE: |

**ODOMETER DISCLOSURE STATEMENT** — CAUTION: ONLY CHECK A BOX IF THE ODOMETER READING DIFFERS FROM ACTUAL MILEAGE

"I certify to the best of my knowledge the odometer reading specified here is the actual mileage of the vehicle, unless one of the following statements is checked:"   [ ] No Tenths   1. I hereby certify to the best of my knowledge the odometer reading stated is in excess of its mechanical limits. (The odometer started at zero again.)   2. I hereby state the odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

| DEALER'S LICENSE NUMBER: | DEALERSHIP NAME AND ADDRESS: | | |
|---|---|---|---|
| SIGNATURE OF LICENSED DEALER: | | PRINT NAME: | DATE: |

## 3rd RE-ASSIGNMENT BY LICENSED DEALER ONLY

The undersigned licensed Dealer hereby certifies that the Title to the motor vehicle described on the face of this Certificate of Title was transferred to:

| PRINT NAME OF PURCHASER(S): | PRINT ADDRESS: |
|---|---|
| SIGNATURE(S) OF PURCHASER(S): | PRINTED NAME(S) OF PURCHASER(S): | DATE: |

**ODOMETER DISCLOSURE STATEMENT** — CAUTION: ONLY CHECK A BOX IF THE ODOMETER READING DIFFERS FROM ACTUAL MILEAGE

"I certify to the best of my knowledge the odometer reading specified here is the actual mileage of the vehicle, unless one of the following statements is checked:"   [ ] No Tenths   1. I hereby certify to the best of my knowledge the odometer reading stated is in excess of its mechanical limits. (The odometer started at zero again.)   2. I hereby state the odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

| DEALER'S LICENSE NUMBER: | DEALERSHIP NAME AND ADDRESS: | | |
|---|---|---|---|
| SIGNATURE OF LICENSED DEALER: | | PRINT NAME: | DATE: |

EXHIBIT C



NADAguides Value Report    7/10/2020

# 2016 Hyundai Sonata
## Sedan 4D SE I4

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $6,950 | $8,050 | $8,950 | $10,875 |
| Mileage (41,630) | $1,225 | $1,225 | $1,225 | $1,225 |
| Total Base Price | $8,175 | $9,275 | $10,175 | $12,100 |
| Options |  |  |  |  |
| Price + Options | **$8,175** | **$9,275** | **$10,175** | **$12,100** |

| Certified Pre-Owned (CPO) ⓘ |  |  |  | +$925 |
|---|---|---|---|---|
| **Certified Price with Options** |  |  |  | **$13,025** |